AO 472 (Rev. 3/86) Order of Detention Pending Trial
================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | **Criminal No. 07-53-P-H** |
| ) | |
| **REBECCA MBAIKA MUSAU,** ) | |
| a/k/a **Yamarie Mojica,** ) | |
| ) | |
| **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

[ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
[ ] an offense for which the maximum sentence is life imprisonment or death.
[ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
[ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

1

**Alternate Findings (A)**

[ ]   (1)   There is probable cause to believe that the defendant has committed an offense
        [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
        [ ]   under 18 U.S.C. Section 924(c).
[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]   (1)   There is a serious risk that the defendant will not appear.
[ ]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant has been charged in a three-count indictment with social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B); identity theft, in violation of 18 U.S.C. § 1028(a)(7); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. The government seeks her detention as a risk of flight.

The defendant, now 35 years old, is a native and citizen of Kenya. She entered the United States in November 2005 through Boston, Massachusetts as a visitor and has remained here ever since. Both of her parents, her two siblings, her husband from whom she is separated and both of her children (twin boys age 8) all reside in Kenya. There is evidence indicating that while in the United States she has resided in and/or traveled to Lowell, Massachusetts, Oakland, California and Houston, Texas. At no time has she ever been employed. She has no sources of income, no identified resources and does not contribute to any living expenses. According to the defendant, she depends on friends for her living expenses.

In December 2006 the defendant was charged with being a deportable alien and was released on an immigration bond pending further proceedings scheduled for September 2008.[1]

In connection with the instant prosecution, the government alleges that on November 5, 2006 the defendant falsely represented a social security number on an application as hers for the purpose of obtaining a state of Maine identification card, knowingly used a social security number of another person, and knowingly used a means of identification of another person, namely a social security number, during the commission of social security fraud.

The defendant proposes that she be released to the third-party custody of Justus Munyasya, himself a native of Kenya but with U.S. permanent residence status. Mr. Munyasya

---

[1] According to the defendant, she was in ICE custody from September 2006 until February 2007.

testified in the defendant's behalf, explaining that he is a pastor, that he works in the maintenance department at Tewksbury Hospital Monday through Friday from 7 a.m. to 3:30 p.m., and that he is willing to assume the responsibilities of a third-party custodian, including supervision of the defendant's compliance with conditions of release and reporting any violations.  He is willing to have the defendant reside in his home in Lowell.[2]

What has changed for defendant is that, instead of being exposed only to the possibility of deportation no earlier than September 2008, she is now facing criminal charges exposing her to a term of imprisonment followed by deportation.  If convicted of the charge of aggravated identity theft, the court will be required to impose a mandatory two-year prison sentence on that count to be served consecutive to any sentence imposed on either or both of the other two pending charges of social security fraud and identity theft.  And, if convicted of any of these charges, the likelihood of her deportation increases.  Inasmuch as the defendant has no family in the United States, no established community ties and no employment history, her incentive to flee from the New England area has increased significantly.  While I do not question Mr. Munyasya's good intentions, the fact is his work schedule prevents him from providing the level of supervision minimally required even if the defendant is placed on home incarceration at his residence.  Electronic monitoring by itself will not serve the purpose.

Thus, I find by a preponderance of the evidence that the defendant poses a serious risk of non-appearance and that there are no available conditions of release that will reasonably assure her appearance as required.  I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 9, 2008

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge

---

[2] According to the defendant, she has resided at Munyasya's Lowell residence since February 2007.